11-278                                                          BIA
Huang v. Holder                                         A078 951 471

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

ZHEN-YANG HUANG,
        *Petitioner,*

        v.                                11-278
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Eric Y. Zheng, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Judith R.
                       O'Sullivan, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen-Yang Huang, a native and citizen of the People's Republic of China, seeks review of the January 4, 2011, order of the BIA denying his motion to reopen. *In re Zhen-Yang Huang*, No. A078 951 471 (B.I.A. Jan. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Huang's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Huang's 2010 motion was untimely because the final administrative order was issued in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the

2

previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, Huang failed to establish a material change in country conditions.

Huang argues that he will be subject to the Chinese government's human rights abuses against Christians who attend unregistered churches because of his 2010 conversion to Christianity and his assertion that he would attend an unregistered church if he were removed to China. Huang alleges that such abuses have increased since his 2003 merits hearing. However, the evidence did not show that there is a reasonable possibility that, out of the 40 to 60 million members of unregistered churches in China, the Chinese government would likely become aware that he also is a member. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

Because the evidence Huang submitted was insufficient to establish a change in country conditions material to Huang, the BIA did not abuse its discretion in concluding that he failed to show a ground for an exception to the filing deadline, and in consequently denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk